IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| LYLE I. THOMPSON and KEVIN L. THOMPSON, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. CV-06-237-E-BLW |
| v. | ) ) | **MEMORANDUM DECISION AND ORDER** |
| UNITED STATES DEPARTMENT OF INTERIOR, | ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## INTRODUCTION

Lyle and Kevin Thompson ("Plaintiffs") filed a Complaint for

Administrative Procedure Act ("APA") Review, asking this Court to reverse the

Interior Board of Land Appeals' ("IBLA") decision invalidating Plaintiffs' mining

and mill site claims.  This Court placed the case on a legal track and set a briefing

schedule.  The Court has now heard oral argument and reviewed the briefs,

including the parties' supplemental briefs which were filed after the hearing.  For

the reasons explained below, the Court will deny Plaintiffs' request.

**BACKGROUND**

Plaintiffs filed three mining claims and two related mill site claims under a mineral patent application.  Plaintiffs located the claims for an uncommon variety of building stone.  Plaintiffs then filed a mining patent application on the claims. BLM issued a First Half Final Certificate to Plaintiffs on September 21, 1992. Thereafter, a BLM geologist, Charles Horsburgh, conducted a mineral examination of the claims.  On October 17, 1997, Horsburgh issued a Mineral Report, finding that a discovery of a valuable mineral deposit on the claims could not be verified.

On November 25, 1997, BLM initiated a Government contest by filing a complaint in the administrative courts.  In January 2002, Judge Heffernan, an administrative law judge ("ALJ"), held a hearing on the contest.  On May 24, 2002, Judge Heffernan issued his ruling, stating that one of the mill sites was invalid, but that the three mining claims and the other mill site were valid.  BLM appealed Judge Heffernan's decision to the IBLA.  The IBLA reviewed de novo the record made before Judge Heffernan, reversed his decision, and declared that all three mining claims and both mill sites were invalid.  Plaintiffs then filed this matter seeking judicial review of the IBLA decision pursuant to the APA.

# ANALYSIS

## I.      Standard of Review

The standard of review in this case is complex – raising two somewhat overlapping, but independent, layers of review.  The first concerns the IBLA's review of the ALJ's decision.  The second concerns this Court's review of the IBLA's decision.

With respect to the IBLA's review of the ALJ's decision, the IBLA, as a "delegate of the Secretary of the Interior, has the authority to make decisions concerning the public lands as fully and finally as might the Secretary himself." *United States v. Dunbar Stone Co.*, 56 IBLA 61, 67 (1981).  Thus, the IBLA has the authority to make a de novo review of the entire administrative record, and make its own findings of fact based on that record.  *Id.* at 68.  The IBLA has recognized, however, the propriety of deferring to the ALJ's findings "where a witness' demeanor affects his credibility."  *Id.*  In these circumstances, where "the resolution of disputed facts is clearly premised upon an ALJ's finding of credibility, which are in turn based upon the judge's reaction to the demeanor of the witnesses, and such findings are supported by substantial evidence, they ordinarily will not be disturbed by the Board."  *BLM v. Carlo*, 133 IBLA 206, 211 (1995).  Still, the IBLA has reversed ALJ findings of fact even where it was based

**Memorandum Decision and Order - 3**

on credibility determinations when the existence of other facts of record fatally
compromised the testimony which the ALJ found credible and relied upon.  *Id*.
Where such facts do not exist, though, the IBLA must exercise extreme caution in
challenging an ALJ's findings of fact which are premised on the demeanor of the
witnesses who testified before the ALJ.  *Id.*

      Nevertheless, the IBLA's authority to make findings of fact which differ
from the ALJ's findings is not limited by the substantial evidence rule.  *Id.*  The
power of the IBLA in reviewing the ALJ's decision is greater than the power of an
appellate court reviewing the decision of a trial judge, and the IBLA has all the
powers which it would have in making the initial decision.  *Id.*

      With respect to this Court's review of an IBLA decision, section 706 of the
APA states in relevant part that "[t]o the extent necessary to decision and when
presented, the reviewing court shall decide all relevant questions of law, interpret
constitutional and statutory provisions, and determine the meaning or applicability
of the terms of an agency action."  5 U.S.C. § 706.  The reviewing court must hold
unlawful and set aside agency action, findings, and conclusions that are arbitrary,
capricious, an abuse of discretion, or otherwise not in accordance with law.
5 U.S.C. § 706(2)(A).  Thus, this Court "cannot merely substitute [its] judgment
for that of the IBLA."  *Baker v. United States*, 613 F.2d 224, 226 (9th Cir. 1980).

**Memorandum Decision and Order - 4**

"[R]eview is limited to an examination of whether the decision of the IBLA was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or not in accordance with the law."  *Id.*; *see also Lara v. Secretary of the Interior,* *820 F.2d 1535, 1540 (9th Cir.1987)*; *Marathon Oil Co. v. United States*, 807 F.2d *759, 765 (9th Cir.1986)*.  In making its determination, this Court "shall review the whole record or those parts of it cited by a party. . . ."  5 U.S.C. § 706.

Accordingly, in making its decision, this Court will review the entire record before it, including the IBLA's decision.  The Court will determine whether the IBLA's decision was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or not in accordance with the law.  In doing so, the Court will consider the IBLA's authority to review the ALJ's decision de novo, but with the understanding that the IBLA must exercise extreme caution in challenging the ALJ's findings of fact which are premised on the demeanor of the witnesses who testified before him.

## II.    The IBLA's decision was not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or not in accordance with the law

Plaintiffs essentially contend that the IBLA improperly reversed the ALJ when it misapplied the standard for determining whether the stone removed from Plaintiffs' claims ("Tincup") is an uncommon variety of building stone.  The

**Memorandum Decision and Order - 5**

guidelines for making that determination are set forth in *McClarty v. Sec'y of the Interior*, 408 F.2d 907 (9th Cir. 1969), where the Ninth Circuit stated:

> These guidelines . . . are (1) there must be a comparison of the mineral deposit in question with other deposits of such minerals generally; (2) the mineral deposit in question must have a unique property; (3) the unique property must give the deposit a distinct and special value; (4) if the special value is for uses to which ordinary varieties of the mineral are put, the deposit must have some distinct and special value for such use; and (5) the distinct and special value must be reflected by the higher price which the material commands in the market place.

*McClarty*, 408 F.2d at 908.  This Court finds that the IBLA properly applied the standard, and its decision was not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or not in accordance with the law.

In its decision, the IBLA specifically recognized its duty not to disturb an ALJ's findings of fact based on credibility determinations where they are supported by substantial evidence.  *United States v. Thompson*, 168 IBLA 64, 77 (2006) (citing *United States v. Miller*, 165 IBLA 342, 377 (2004)).  However, the IBLA also recognized that while it generally accords substantial deference to an ALJ's findings with respect to conflicting evidence, such deference is not absolute, and the IBLA must closely examine those findings in order to ensure that they are legally sound and supported by the record.  *Id.* (citing *United States v. Garcia*, 161 IBLA 235, 241 (2004)).  Thus, as required, the IBLA recognized that Judge Heffernan found Plaintiffs' expert witness more persuasive than Defendant's

**Memorandum Decision and Order - 6**

expert witness, but it also examined in detail the record in this case in making its determination that Judge Heffernan's findings and conclusions were not supported by the record as a whole. *Id*. at 78.

Specifically, the IBLA reviewed the topography of the claims, both parties' experts' analysis, Plaintiffs' testimony, and evidence related to the marketability of Tincup. Notably, the IBLA went to great lengths to apply the *McClarty* standard, specifically finding that BLM met its burden of comparing Tincup to a number of common variety stones such as rhyolite, limestone, and quartzite, directly contradicting Plaintiffs arguments before both the IBLA and this Court. *Id*. at 103. Ultimately, the IBLA concluded that "while contestees offered testimony countering BLM's prima facia case charging that the Tincup stone deposit does not possess special and distinct characteristics rendering it an uncommon variety, the weight of the evidence, including photographs and other documentary and demonstrative evidence . . . is not supportive of many key points that contestees advanced by their testimony." *Id*. at 113. The IBLA also concluded that Plaintiffs "did not establish that profits they have received from the sale of Tincup stone inure from unique properties intrinsic to the stone" as required by *McClarty*. *Id*.

The Court has engaged in its own independent review of the entire record. It cannot conclude that the IBLA's decision was arbitrary, capricious, an abuse of

**Memorandum Decision and Order - 7**

discretion, unsupported by substantial evidence, or not in accordance with the law. Therefore, the Court will affirm the IBLA's decision, deny the Plaintiff's Motion for Summary Judgment, and grant summary judgment to the Defendant.[1]

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment (Docket No. 13) is DENIED;

IT IS FURTHER ORDERED that the Court will *sua sponte* grant the Defendant summary judgment;

IT IS FURTHER ORDERED that the relief sought by the Plaintiff, reversing and setting aside the decision of the IBLA, shall be DENIED, and judgment against the Plaintiff shall enter accordingly.

---

[1] Although the Defendant did not move for summary judgment, it appeared that the parties envisioned that the hearing on Plaintiff's Motion for Summary Judgment would constitute the final hearing on this administrative appeal from the IBLA's decision.  Moreover, a court may grant summary judgment against moving party and in favor of non-moving party if it is clear that no genuine dispute of material fact exists, the decision is based upon issues identical to those raised by the moving party, and there is no indication that the moving party might otherwise bring forward evidence that would affect the court's summary judgment determination.  *See Hynes v. Squillace,* 143 F.3d 653, 657 (2nd Cir. 1998); *Cool Fuel. Inc. v. Connett*, 685 F.2d 309, 311-12 (9th Cir.1982).

**Memorandum Decision and Order - 8**

The Court will enter a separate Judgment as required by Federal Rule of

Civil Procedure 58.



DATED:  **February 25, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 9**